**Doris EVANS, Plaintiff,**

v.

**BANKERS LIFE COMPANY, Defendant.**

**No. 60–C–375.**

United States District Court
E. D. New York.

June 9, 1961.

Standard, Weisberg, Harolds & Malament, New York City, for plaintiff, Malcolm B. Rosow, New York City, of counsel.

Casey, Lane & Mittendorf, New York City, for defendant, Robert P. Beshar, New York City, of counsel.

BARTELS, District Judge.

Motion by plaintiff, pursuant to Rule 39(b), Fed.Rules Civ.Proc., 28 U.S.C.A., for an order allowing plaintiff a trial by jury, or, in the alternative, pursuant to Rule 41(a) (2), for an order allowing plaintiff a voluntary dismissal of the action.

Plaintiff's jury demand was made on May 17, 1961, more than one year after the action was removed from the state court. Under Rule 81(c) the jury demand was required ten days after service of notice of the filing of the removal petition, which in this case was on or before April 21, 1960.

Plaintiff relies on S.S. Kresge Co. v. Holland, 6 Cir., 1946, 158 F.2d 495; Roth v. Hyer, 5 Cir., 1944, 142 F.2d 227, and Albert v. R. P. Farnsworth & Co., Inc., 5 Cir., 1949, 176 F.2d 198. These cases, however, do not support plaintiff's position. In the Roth case a judgment entered by the trial court sitting without a jury was reversed, and on the retrial the court refused to allow plaintiff to claim a jury trial. After the second trial the Circuit Court again reversed the trial court, holding that the rejection of plaintiff's motion for jury trial was not an abuse of discretion, but asserting that on the second remand the court might reconsider the issue. In the Albert case there was a similar comment after a reversal of the trial judge, although affirming his denial of a jury trial. These cases do not state how long a period of time had elapsed before plaintiff made its first request for a jury trial, and in both instances the Circuit Court held that judicial discretion had not been abused. In the S.S. Kresge case, while the motion for a trial by jury made one month before trial was allowed, that motion was made fourteen days after joinder of issue, only four days after trial by jury could have been claimed as a matter of right. An examination of the case law reveals no case in which trial by jury was permitted after the lapse of over a year before a jury demand.

Although Rule 81(c) has been amended several times, the provision with regard to demand for jury trial in cases removed from state courts has been a part of the Federal Rules since their inception in 1938. Allowance of a jury trial at this late date would, in the absence of most unusual circumstances, completely emasculate Rule 81(c). There is no indication that plaintiff would be prejudiced by the denial of this motion.

Plaintiff's alternative request for a voluntary dismissal of the complaint is admittedly an effort to obtain by indirection that which the Court has hereby denied directly. As such, it cannot be granted. Second-79th St. Company v. United States Steel Corporation, D.C. N.Y.1958, 22 F.R.D. 98.

Settle order within five (5) days on two (2) days' notice.