**Winifred D. NOONAN, Plaintiff-Appellee,**

v.

**CUNARD STEAMSHIP CO., Ltd., Defendant-Appellant.**

**No. 295, Docket 30908.**

United States Court of Appeals Second Circuit.

Argued Feb. 8, 1967.

Decided March 14, 1967.

Wendell Davis, Jr., New York City (Lord, Day & Lord, New York City), for defendant-appellant.

Paul C. Matthews, New York City, for plaintiff-appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge:

Miss Noonan, a citizen of New Jersey, filed a complaint against Cunard Steamship Co., a British corporation, in the District Court for the Southern District

of New York in March, 1966, for damages from a fall in her stateroom on the Queen Elizabeth resulting from a roll of the ship alleged to have been caused by negligence of the crew and unseaworthiness of that great vessel. In August her attorney filed a note of issue and statement of readiness acknowledging the completion of discovery in compliance with Local Calendar Rule 5. While the note of issue recited a jury demand at the time of the filing of the complaint, none had been made then or within 10 days after service of defendant's answer as F.R.Civ.P. 38(b) required. Upon being advised by the calendar clerk of the untimeliness of the demand, this being treated as having first been made in the note of issue, the attorney made a written motion before the civil calendar judge to have the case transferred from non-jury calendar No. 3 to jury calendar No. 1. His supporting affidavit furnished no reason except his own inadvertence why this relief should be granted, although it also mentioned that the statute of limitations had "not run and, therefore, it would be possible for the plaintiff to discontinue this action and start a new action with a timely jury demand." Defendant's counsel submitted an opposing affidavit, which stated that only 230 cases were pending on non-jury calendar No. 3 as compared with 1735 on jury calendar No. 1. Although the proceedings before the calendar judge were not reported, it is agreed that he first denied plaintiff's written motion to transfer to the jury calendar but then granted what defendant characterizes as an oral motion to dismiss without prejudice.[1] Defendant appeals from the judge's allowance of dismissal on that basis. We have jurisdiction under 28 U.S.C. § 1291, see 5 Moore, Federal Practice ¶ 41.05[3] at 1068–69 (2d ed. 1964).

■ Plaintiff's initial motion was that the judge avail himself of the provision of F.R.Civ.P. 39(b) which says that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Defendant has cited eighteen reported decisions by district courts within this circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39 (b), and plaintiff apparently has found none to the contrary either here or elsewhere. The effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief. See 5 Moore, supra, ¶ 39.09 at 718–19. Plaintiff does not seriously dispute that if the judge had granted the motion under Rule 39(b), we would have been obliged to reverse. This would not truly have been for an "abuse" or, in Judge Duniway's phrase, a "misuse" of discretion, see Pearson v. Dennison, 353 F.2d 24, 28 n. 6 (9 Cir. 1965); it would have been because the settled course of decision had placed a gloss upon the Rule which a judge could no more disregard than if the words had appeared in the Rule itself.

The interesting question is whether the matter should stand otherwise because relief from the inadvertent failure to make a timely jury demand was here accomplished by permitting dismissal with-

---

1. Except for plaintiff's intimation with respect to dismissal in the written motion, defendant might well have had a valid procedural objection to the motion under Rule 41(a) (2) since it is doubtful that an application in a calendar part of which no stenographic record was taken comes within the exception to the requirement of F.R.Civ.P. 7(b) (1) for written mo-tions relating to motions "made during a hearing or trial." See Hammond-Knowlton v. Hartford-Connecticut Trust Co., 26 F.Supp. 292 (D.Conn.1939); Shapiro v. Freeman, 38 F.R.D. 308, 309 n. 1 (S.D. N.Y.1965); 4 Moore, supra, ¶34.07 at 2442; 1A Barron and Holtzoff, Federal Procedure and Practice, § 244 at 19 (1960) (Wright ed.).

out prejudice under F.R.Civ.P. 41(a) (2), which allows a plaintiff so to dismiss only "upon order of the court and upon such terms and conditions as the court deems proper." This leaves defendant even worse off in several ways. It must file a new answer; it has no assurance that further discovery may not be sought; and trial will be delayed since a new action will have to take its place at the bottom of the jury calendar. As against this, however, plaintiff also entails the same suffering from delay, and her attorney suggests there will be little or none since more judges are assigned to the jury than the non-jury calendar.

■ If this were truly the type of case where an appellate court must respect the trial judge's exercise of discretion, we might indeed be troubled in saying, in Judge Magruder's oft-quoted phrase, that we had "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." In re Josephson, 218 F.2d 174, 182 (1 Cir. 1954). However, we doubt that to be the appropriate test here; the fact that dismissal under Rule 41(a) (2) usually rests on the judge's discretion does not mean that this is always so. Several of the most important reasons for deferring to the trial judge's exercise of discretion—his observation of the witnesses, his superior opportunity to get "the feel of the case," see Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216, 67 S.Ct. 752, 91 L.Ed. 849 (1947), and the impracticability of framing a rule of decision where many disparate factors must be weighed, see Atchison, T. & S. F. Ry. v. Barrett, 246 F.2d 846 (9 Cir. 1957)—are inapposite when a question arising in advance of trial can be stated in a form susceptible of a yes-or-no answer applicable to all cases. Whether dismissal without prejudice should be allowed simply to permit a plaintiff to overcome an inadvertent failure to make a timely jury demand without other excuse, is a question of that sort—as indeed a New York appellate court has held. See Katz v. Austin, 271 App.Div. 217, 62 N.Y.S.2d 912 (1st Dept.), leave to appeal denied, 271 App.Div. 773, 64 N.Y.S.2d 926 (1946). When the self-same issue has arisen before three other district judges in this circuit, all have decided against allowing dismissal without prejudice, Second-79th St. Company v. United States Steel Corp., 22 F.R.D. 98 (S.D.N.Y.1958) (Edelstein, J.); Evans v. Bankers Life Company, 27 F.R.D. 489 (E.D.N.Y.1961) (Bartels, J.); Mistretta v. SS. Ocean Evelyn, 250 F. Supp. 868 (E.D.N.Y.1966) (Dooling, J.), and if "abuse of discretion" were the test, we would have no more basis for interfering with those decisions than with that here *sub judice*. The desirability of achieving consistency among district judges in the same circuit on such an issue [2] and of avoiding judge-shopping outweighs that of appellate deference to a determination of the district judge on a preliminary procedural matter, as we think the judge here might well have decided if the application had come before him in a motion part with opportunity for fuller consideration. Cf. Mamiye Bros. v. Barber SS. Lines, 360 F.2d 774, 777 (2 Cir.), cert. denied, 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 70 (1966).

■ Since we thus consider ourselves bound to choose one way or the other, we think the decisions denying leave to discontinue without prejudice for the sole purpose of overcoming inadvertent failure to make a timely jury demand accord better than an opposite view with the policies of Rule 38(a) insisting on promptness and of Rule 41(a) (2) limiting the former freedom of dismissal of plaintiffs in actions of law. Moreover, to allow leave to discontinue without prejudice

2. Compare Cardozo's oft-quoted statement, "It will not do to decide the same question one way between one set of litigants and the opposite way between another." The Nature of the Judicial Process 33 (1921). See also H. L. A. Hart, The Concept of Law 155–62 (1961).

solely for this purpose would work a discrimination, for which we see no sufficient justification, in favor of plaintiffs whose attorneys had been guilty of inadvertent neglect in demanding a jury trial as against defendants similarly situated. There is, of course, not the slightest reason to doubt that a judge is quite as able as a jury to make a fair determination whether a roll of the Queen Elizabeth was due to negligence by her crew or unseaworthiness of the vessel—questions of the sort admiralty judges have been deciding for centuries.

The order permitting dismissal without prejudice is vacated and the cause remanded for further proceedings consistent with this opinion.