**Lilla Ann NORTON and Constance Cummings, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**TALLAHASSEE MEMORIAL HOSPITAL, an Autonomous Agency of the City of Tallahassee, Defendant-Appellee.**

No. 81–5470.

United States Court of Appeals, Eleventh Circuit.

Feb. 25, 1983.

Kent Spriggs, Spriggs & Henderson, Ann Cocheu, Patterson & Traynham, Jerry G. Traynham, Brian Norton, Tallahassee, Fla., for plaintiffs-appellants.

William F. Kaspers, Atlanta, Ga., Henry, Buchanan, Mick & English, John D. Buchanan, Jr., Tallahassee, Fla., for defendant-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion October 4, 1982, 11 Cir.,
1982, 689 F.2d 938)

Before TJOFLAT, CLARK, and MILLER *, Circuit Judges.

CLARK, Circuit Judge:

Defendant-appellee seeks rehearing with respect to our opinion reversing the district court's order, 511 F.Supp. 777, of disqualification of counsel in this case. In our initial opinion, we stated:

When reviewing a challenged disqualification order, this court employs the same standard of review as that used in reviewing most other final orders of a district court: we apply the "clearly erroneous" test to findings of fact while carefully examining the district court's interpretation and application of relevant ethical standards. . . .

*Norton v. Tallahassee Memorial Hospital,* 689 F.2d 938, 941 (11th Cir.1982).

Petitioner asserts that we have overlooked the en banc opinion in *United States v. Dinitz,* 538 F.2d 1214 (5th Cir.1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977), by which we are bound by our court's opinion in *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981). In *Dinitz,* the trial court banned one of defendant's attorneys after the attorney's repeated misconduct. The trial ended in a mistrial and the trial court refused to reinstate the attorney for the second trial. In *Dinitz,* we said the following:

To make an informed judgment in this case, we must place this qualified right to choose one's own counsel against the backdrop of judicial discretion. Traditionally, courts enjoy broad discretion to determine who shall practice before them and to monitor the conduct of those who do. Since attorneys are officers of the courts before which they appear, such courts are necessarily vested with the authority, within certain limits, to control attorneys' conduct. . . . And this is especially true during the course of a trial, when an attorney's misconduct may directly impede the orderly administration of justice. . . . Our inquiry, then, must focus on the trial court's exercise of its discretion.

538 F.2d at 1219 (citations and footnote omitted).

In *United States v. Hobson,* 672 F.2d 825 (11th Cir.1982), the opinion relied upon in this case, we discussed what we deemed to be the authorities in the Fifth Circuit as to the standard of review applicable to orders disqualifying attorneys. *See, e.g., Cossette v. Country Style Donuts, Inc.,* 647 F.2d 526 (5th Cir.1981); *Woods v. Covington County Bank,* 537 F.2d 804 (5th Cir.1976); and *In re Gopman,* 531 F.2d 262 (5th Cir.1976). Petitioner now asks us to again review these authorities. Upon this second review, we perceive that there is less conflict in these cases than would appear on the surface. Instead, these cases illustrate the principle succinctly stated by Judge Sloviter in *United States v. Criden:*

---

* Honorable Jack R. Miller, U.S. Circuit Judge for     the Federal Circuit, sitting by designation.

The justifications for committing decisions to the discretion of the trial court are not uniform, and may vary with the specific types of decisions. Although the standard of review in such instances is generally framed as "abuse of discretion," in fact the scope of review will be directly related to the reason why that category or type of decision is committed to the trial court's discretion in the first instance.

*United States v. Criden,* 648 F.2d 814, 817 (3d Cir.1981) (footnote omitted). While the cases discussed in *Hobson* and *Dinitz* involved the disqualification of counsel, the circumstances and timing varied greatly. These variations require differing degrees of trial court freedom to exercise discretion in disqualifying attorneys. *Dinitz,* for example, presented a case peculiarly within the realm of the trial court's authority. The trial court's initial judgment was based on conduct he had observed. The decision was, of necessity, an immediate one and the action was taken to preserve order in the court. Thus, that particular disqualification decision, so closely linked to the trial judge's responsibility to supervise the conduct of the case before him, was properly reviewed under the abuse of discretion standard.

In contrast, *Woods v. Covington County Bank,* 537 F.2d 804 (5th Cir.1976), and *Cossette v. Country Style Donuts, Inc.,* 647 F.2d 526 (5th Cir.1981), presented questions of whether representation by certain counsel would violate the ethical requirements of the Code of Professional Responsibility. In those cases, the district courts had made findings of fact and then applied the relevant law. On appeal, the Fifth Circuit reviewed the findings of fact under the clearly erroneous standard as required by Federal Rule of Civil Procedure 52(a):

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 .... Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses....

Fed.R.Civ.P. 52(a). In addition to the "clearly erroneous" review of factual findings, the appellate court carefully examined the district courts' application of relevant ethical standards. *Woods,* 537 F.2d at 810; *Cossette,* 647 F.2d at 530. Thus, the appellate court reviewed the conclusions of law in a traditional appellate review where decisions by district courts are measured against decisions in other appellate cases or against statutes or rules.

While courts have not always been careful to enunciate their reasons for exercising one type of review, we find that the cases discussing attorney disqualification in this court demonstrate that appellate review has been conducted by the appropriate standard—traditional review of factual findings and legal conclusions or review of abuse of discretion—as determined by the parameters of each case. Cases such as *Woods, Cossette, Hobson,* and the instant appeal present questions of the legal application of specific standards set forth in the Code of Professional Responsibility. In such cases, review of law and review of facts are appropriate. As Judge Friendly once stated:

Several of the most important reasons for deferring to the trial judge's exercise of discretion—his observation of the witnesses, his superior opportunity to get "the feel of the case," ... and the impracticability of framing a rule of decision where many disparate factors must be weighed ...—are inapposite when a question arising in advance of trial can be stated in a form susceptible of a yes-or-no answer applicable to all cases....

*Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 71 (2d Cir.1967). In the context of attorney disqualification, factors which determine deference to the trial court's discretion include: the need for an immediate resolution during an ongoing trial, the extent to which the decision is a necessary effort to protect the administration of justice, whether disqualification is premised on

conduct of the individual attorney or a more general principle, and whether the cases present a situation susceptible to a general rule to be applied in numerous cases. Cases applying the standards of the Code of Professional Responsibility to questions of attorney disqualification warrant full appellate review to ensure that there is consistency of treatment. This consistency is sacrificed, to some extent, when decisions are within the discretion of the trial court. *See* Friendly, "Indiscretion About Discretion," 31 Emory L.J. —— (1983). Additionally, as in *Hobson,* 672 F.2d 825, 827, where a rule has evolved that an accused's sixth amendment right to counsel must receive the highest protection, a trial court's discretion is more limited.

Because we find the present case to be appropriately governed by a review of the facts under the clearly erroneous standard and a review of the law involving careful examination of the district courts' interpretation and application of relevant ethical standards, the petition for rehearing is DENIED.

No member of this panel nor judge of this administrative unit in regular active service having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.