| | | |
|---|---|---|
| KUMAGAI GUMI CO., LTD., | ) | CIVIL ACTION NO. 82-0045 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DECISION |
| | ) | |
| COMMONWEALTH PORTS AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Kumagai Gumi Company, Ltd. (Kumagai) filed the Complaint in this matter on August 7, 1982. No demand for a jury trial was made in conjunction with the filing of such Complaint. On August 26, 1982 defendant Commonwealth Ports Authority (CPA) answered the Complaint, but did not demand a jury trial in its pleading; neither did Kumagai nor CPA make such a demand within ten days after service of the answer.

On July 22, 1983 Kumagai filed an Amended Complaint, adding the engineering firm of Daniel, Mann, Johnson and Mendenhall (DMJM) as a new and additional party defendant. The Amended Complaint did not allege any new issues against CPA but simply duplicated the issues in the original complaint. On July 26, 1983 CPA filed a first Amended Answer, Cross-Claim and Demand for Trial by Jury.

Kumagai contends that the Demand for Jury Trial applies only to the Cross-Claim against DMJM; and to the extent that CPA intended the demand to apply to Kumagai's claims against CPA, it is ineffective in that CPA's right to demand trial by jury was waived by the original Answer to the first Complaint, which failed to make any such demand. CPA argues that the addition of a new defendant in the matter vastly changed the entire perspective of the case, and that the demand for trial by jury was plainly addressed to both the first Amended Complaint and the Cross-Claim against DMJM.

In the two Motions now before the Court, Kumagai seeks to strike the Demand for Trial by Jury, as having been waived by the failure to make such demand within 10 days after the original answer was filed; CPA requests the Court to grant Relief from any such Waiver of Jury Trial. The Court will address these Motions in the order in which they were argued.

## MOTION TO STRIKE DEMAND FOR JURY TRIAL

Rule 38 of the Federal Rules of Civil Procedure provides that any party may demand a trial by jury by serving upon the other parties a written demand therefor not later than ten days after service of the last pleading directed to such issue, Rule 38(a), F.R.C.P. The failure to serve a demand pursuant to this rule constitutes a waiver of the right to trial by jury. Rule 38(d), F.R.C.P.

Kumagai argues that CPA's failure to demand trial by jury on or before September 5, 1982, ten days after service of its Answer, constituted a waiver of the right to later make such a demand with respect to those issues. Kumagai argues that such a waiver is complete and cannot be revived by subsequent amendment of the original pleadings where the amended pleadings raise no new issues. The Court agrees.

It is well settled that while demand for a jury trial may be made within ten days after service of the amended or supplemental pleading for new issues raised by that pleading, the amendment does not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings. Walton v. Eaton Corporation, 563 F.2d 66 (3rd Cir. 1977). Kumagai has cited numerous cases wherein amended complaints were filed which sought only different forms of relief, Guajardo v. Estelle, 580 F.2d 748 (5th Cir. 1978); or which stated more specifically the claims set forth in the original Complaint, Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center, 95 F.R.D. 194 (E.D.Pa. 1982); or even which added new causes of action based upon identical facts as the claims set forth in the original complaint, Las Vegas Sun, Inc. v. Summa Corp., 610 F.2d 614 (9th Cir. 1979). In each of these cases the Court found the previously waived right to demand a trial by jury was not revived by the amended pleadings.

In this case, the amended complaint made no new allegations nor otherwise raised new or different issues of fact

against CPA that were not raised by the original pleading. CPA waived its right to demand a jury trial by not doing so within ten days of its original answer, and this right was not revived by the Amended Complaint, which merely added DMJM as a defendant.

Therefore, Kumagai's Motion to Strike Demand for Jury Trial on issues in the Amended Complaint relating to CPA is GRANTED.

## MOTION FOR RELIEF FROM WAIVER OF JURY TRIAL

CPA requests that the Court grant relief from any waiver of its right to the trial of this matter by jury, and to order that the trial of all issues be had by jury, pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.

Rule 39(b), Federal Rules of Civil Procedure provides:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

A review of the cases wherein the courts have addressed motions brought under Rule 39(b), indicates that this rule is designed to achieve substantial justice, and to promote fairness, economy and efficiency in the courts. See Merritt v. Faulkner, 697 F.2d 761 (7th Cir. 1983), Litterfield v. Ft. Doge Messenger, 614 F.2d 581 (8th Cir. 1980), cert. den. 445 U.S. 945, 100 S.Ct.

1342, 63 L.Ed.2d 779. Nonetheless, it appears on its face to specifically conflict with Rule 38(d), and read in conjunction, the two Rules would seem to completely emasculate each other. Rule 38(d) clearly provides that the failure to comply with the requirements of part (a) of that Rule constitutes a waiver of trial by jury. The case law supports this strict language, finding that unretractable waivers are made regardless of intention, oversight or misunderstanding. Bush v. Allstate Ins. Co., 425 F.2d 393 (5th Cir. 1970); Noonan v. Cunard S.S. Co., 375 F.2d 69 (2d Cir. 1967). Rule 38 thus leaves a party no right whatever to later demand a trial by jury where no proper demand was made within ten days of service of the last pleading directed to the issues.

Rule 39(b), on the other hand, is on its face somewhat confusing. While it specifically provides that those issues not properly demanded for trial by jury pursuant to Rule 38 shall be tried by the court, the very same sentence goes on to give the court discretion to order, upon motion, a trial by jury where such a demand might have been made of right but the moving party failed to do so. The case law is equally confusing, with some courts taking a very liberal, and others a very strict approach to granting relief from a waiver of the right to trial by jury.

The courts that take a very broad view of Rule 39(b) seem to simply read Rule 38(d) out of the Federal Rules. The Ninth Circuit epitomizes this view, saying that Rule 39(b) must be applied so liberally that the trial court has only limited

discretion to deny relief from a waiver of jury trial. _Pacific Queen Fisheries v. Symes_, 307 F.2d 700 (9th Cir. 1962), _cert_. _den_. 372 U.S. 907, 83 S.Ct. 721; 9 L.Ed.2d 717. Other courts take a very restrictive view of the Rule, holding that exceptional circumstances must be shown before relief from a waiver will be granted, thereby seeming to ignore the permissive language of Rule 39 (b). See _Noonan v. Cunard S.S. Co._, 375 F.2d 69, _supra_. It appears that anything more or less than a moderate approach to this issue will serve to emasculate one or the other Rule, and here, the case law is very helpful in determining which Rule is controlling in these circumstances.

A review of the numerous cases cited by both parties is well summarized in the case of _Wallace v. Nationwide Ins. Co._; 94 F.R.D. 563 (1982), wherein the court began its analysis by recognizing that Rule 39(b) ."is not intended to serve as a device to circumvent or bypass the positive action that must be taken under Rule 38 to obtain jury trial," citing 9 Wright & Miller, _Federal Practice and Procedure_, § 2334, p.115 (1971). The Court went on to find that:

> "The factors which courts have weighed when deciding whether to grant a jury trial under Rule 39(b) include (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex)... (2) any prejudice that granting a jury trial would cause the opposing party... (3) the timing of the motion (early or late in the proceedings)... (4) any effect a jury

1015

trial would have on the court's docket and the orderly administration of justice...." Citing Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936 (4th Cir. 1980) at 940.

In this case, there appears to be no significant reason why CPA's desire for a jury trial should not be accommodated. Plaintiff itself pointed out that the allegations of the Amended Complaint are identical as to both CPA and DMJM; DMJM is clearly entitled to and has demanded trial of those issues by jury. Thus, while a persuasive argument might have been made that the issues involved in this litigation are highly technical and far too complicated to be effectively tried by a jury, this argument loses all force in light of the fact that a jury has been rightfully demanded and will be sitting as the trier of fact on identical issues with respect to another defendant.

In addition, a jury trial has properly been demanded for all aspects of this case, save one; the resolution of all issues between Kumagai and CPA. Those issues arise from the same matrix of facts, and are identical to, the issues between Kumagai and DMJM which are to be tried by a jury. A peculiar situation would arise were the court to try, and find differently on, the very same issues simultaneously being decided by the jury. Where, as here, a demand could have been made of right had CPA complied with Rule 38(a), such a situation should be avoided.

Further, no prejudice will result to plaintiff if a jury trial is awarded to CPA, again because timely demand for

1016

jury trial has already been made by DMJM, both in response to plaintiff's complaint (wherein the issues are identical as to both defendants) and on the cross-claim involving CPA and DMJM. Moreover, CPA's instant request is made well in advance of trial on this matter and plaintiff thus has ample opportunity to make any necessary changes in the presentation of its case as a result thereof.

Thus, since virtually identical factual issues are to be decided as between Kumagai and defendant DMJM and Kumagai and defendant CPA, and as a jury has properly been demanded to decide the issues between Kumagai and DMJM, judicial efficiency dictates that in the discretion under Rule 39(b), CPA's belated request for trial by jury be granted

The Motion for Relief from Waiver is hereby GRANTED.

DATED this ___6th___ day of June, 1984.

_____
JUDGE ALFRED LAURETA