**MT. EVEREST SKI SHOPS, INC.**

v.

**The SKI BARN, INC., and Nordica USA, Inc.**

**NORDICA USA, INC.**

v.

**MT. EVEREST SKI SHOPS, INC.**

**Civ. No. 87–106.**

United States District Court, D. Vermont.

July 21, 1989.

David S. Acker, Winston & Strawn, Chicago, Ill., and Rolf M. Sternberg, Barr,

Sternberg & Moss, Bennington, Vt., for Mt. Everest Ski Shops, Inc.

Robert B. Hemley and Dennis R. Pearson, Gravel & Shea, Burlington, Vt., for Nordica USA, Inc.

## MEMORANDUM AND INTERLOCUTORY ORDER

HOLDEN, Senior District Judge.

The court decided that Mt. Everest Ski Shops, Inc., waived trial by jury of the counterclaim filed by Nordica USA, Inc. Interlocutory Order at 2 (filed June 29, 1989). The plaintiff has now requested by motion that the court change its order.[1] Nordica USA opposes the motion.[2]

Mt. Everest Ski Shops filed its complaint against Nordica USA and The Ski Barn, Inc., on March 9, 1987, in the District of New Jersey. Before either defendant answered, the plaintiff also submitted to the clerk a separate demand for trial by jury "on each and every count of the complaint in the above matter". The clerk returned the paper to the plaintiff for an original signature, and it was properly filed on March 27.[3]

Judge Bissell transferred the action from the District of New Jersey to the District of Vermont pursuant to 28 U.S.C. § 1404(a). In this court, the defendant Nordica USA then filed its answer and its counterclaim for attorney's fees and expenses to be incurred in defending against the plaintiff's suit.[4] The plaintiff did not reply to the counterclaim, as federal rule 12(a) prescribes, neither did it demand within ten days, pursuant to rule 38(b), a trial by jury of the new issue presented by the counterclaim.

None of the plaintiff's claims were tried by jury because the court granted the de-

---

1. Plaintiff's Reply Memorandum in Support of Its Motion for Reconsideration (filed July 20, 1989); Motion to Reconsider the Court's Order Denying Jury Trial (filed July 10, 1989).

2. Defendant Nordica's Memorandum in Opposition to Plaintiff's Motion to Reconsider (filed July 14, 1989).

3. Jury Demand, *Mt. Everest Ski Shops, Inc. v. Ski Barn, Inc.*, No. 87–859 (D.N.J. received Mar. 19, 1987 & filed Mar. 27, 1987).

4. Answer, Affirmative Defenses and Counterclaim of Nordica USA, Inc. (filed Apr. 29, 1987).

fendants summary judgment of all counts in the complaint. On March 23, 1989, it entered partial summary judgment of the counterclaim for Nordica USA. Only one issue remains for trial: "which attorney's fees and costs were attributable to defending the claim for breach of contract and that part of the claim for injunctive relief seeking to enforce the contract." [5] Memorandum and Interlocutory Order at 10 (filed Mar. 23, 1989).

█ The plaintiff now desires that this matter be tried to a jury. The cases are not plentiful, yet the remaining issue is one to which the right to trial by jury attaches. *See Simler v. Conner*, 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963) (right exists where "[t]he case was in its basic character a suit to determine and adjudicate the amount of fees owing to a lawyer by a client under a contingent fee retainer contract, a traditionally 'legal' action").

When the right pertains, rule 38 of the *Federal Rules of Civil Procedure* provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.... In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable.... The failure of a

party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury....

Fed.R.Civ.P. 38(b)–(d). Because the record did not demonstrate that Mt. Everest Ski Shops had served its demand, the court concluded that the plaintiff had waived trial by jury. Memorandum and Interlocutory Order at 2 (filed June 29, 1989) (citing Fed.R.Civ.P. 38(d)). The plaintiff now supplements the record with an affidavit by Bruce Humphries, the plaintiff's local counsel in New Jersey. The affidavit certifies that the plaintiff's demand was mailed to counsel for each party.[6] If a party is already represented by an attorney, mailing or delivery of documents to the party's attorney constitutes service upon the party (unless the court orders otherwise[7]). Fed.R.Civ.P. 5(b). Therefore, Mt. Everest Ski Shops served and filed its demand in compliance with rule 38.

█ It remains to be determined whether the plaintiff's demand was directed to the issue that awaits trial. *See* Fed.R.Civ.P. 38(b), (c). The court's interlocutory order of June 28 did not address the question, decision of it being unnecessary then.

The plaintiff demanded trial by jury on "each and every count of the complaint". The plaintiff apparently acknowledges that the demand is limited rather than general in scope—that it did not include every issue of every party triable by jury, but only those of the complaint. "At the time Mt. Everest made its jury demand, the only

---

**5.** A second issue had also remained for trial—the reasonableness of Nordica USA's attorney's fees and costs—but Mt. Everest Ski Shops does not contest their reasonableness. Memorandum and Interlocutory Order at 10 (filed Mar. 23, 1989); Letter from David Acker to Judge Holden (July 7, 1989) (filed July 14, 1989).

**6.** Plaintiff's Memorandum in Support of Its Motion to Reconsider the Court's Order Denying Jury Trial, exhibit 2 (filed July 10, 1989) (Certification of Bruce Humphries ¶¶ 2–4 & exhibit D (July 6, 1989)).

**7.** The affidavit of Bruce Humphries states that, by order of the District of New Jersey and by agreement of counsel, delivery to counsel of copies of documents could substitute for service. A review of the two orders by Judge

Bissell reveals that their provisions for service did not govern service of the plaintiff's jury demand. Instead, they applied to notices of depositions and demands for production of documents "relevant to the jurisdictional and venue issues which are the subject of this Order", and the "Verified Complaint ... and this Order to Show Cause, together with copies of the papers in support thereof". All papers in answer to these were to be served. Order to Show Cause at 2–3, *Mt. Everest Ski Shops, Inc. v. Ski Barn, Inc.*, No. 87–859 (D.N.J. filed Mar. 10, 1987); Order to Show Cause and Temporary Restraining Order at 3 (D.N.J. filed Mar. 10, 1987). In any case, these orders merely reiterate what rule 5(b) requires.

substantive pleading was the complaint. It demanded a jury trial on all issues contained therein."[8] The court finds that the demand means what it says and is limited to the issues specified in the complaint. The circumstances of the filing support this construction, for the plaintiff did not know at the time whether it would want to try any new issues, triable by jury, that might appear in the answers yet to be filed or in any counterclaims, cross-claims, or third-party complaints.

If the counterclaim's underlying issues of material fact differ from those of the complaint, then the counterclaim and the complaint concern different "issues" and the plaintiff's demand does not reach the defendant's counterclaim. *See Rosen v. Dick*, 639 F.2d 82, 94–96 (2nd Cir.1980). The court has already decided that the counterclaim did not arise out of the transaction or occurrence that was the subject matter of the plaintiff's complaint. Memorandum and Interlocutory Order at 2–3 (filed Mar. 23, 1989). The basic issues of the plaintiff's complaint center on an alleged conspiracy between Nordica USA and The Ski Barn. The counterclaim does not arise out of this conspiracy, but rather out of the plaintiff's suit itself.[9] The underlying facts needed to prove that Nordica USA terminated and breached the contract because of the conspiracy and to justify an injunction to enforce the contract, differ markedly from those needed to prove that Nordica USA successfully defended the suit, that its attorney's fees came within the provision of the contract, and that the fees were reasonable.[10] Nordica USA's counterclaim presents new issues outside the scope of the plaintiff's demand. *See Rosen v. Dick*, 639 F.2d at 94–96; *cf. Harris v. Steinem*, 571 F.2d 119, 123–25 (2nd Cir.1978) (under the "logical relationship" test to determine whether a counterclaim is "compulsory", which "analyze[s] whether the essential facts of the various claims are … logically connected" but does not require "precise identity of issues and evidence between claim and counterclaim", a counterclaim based on the filing of the complaint did not arise out of the same transaction or occurrence as that underlying the complaint); *Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 995 (10th Cir.) (counterclaim for breach of contract presented issue different from third-party complaint against contract's surety), *cert. denied*, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964), *cited with approval in Rosen v. Dick*, 639 F.2d at 96.

The court will proceed to treat the plaintiff's motion as one for relief under rule 39 of the *Federal Rules of Civil Procedure:*

---

**8.** Plaintiff's Memorandum in Support of Its Motion to Reconsider the Court's Order Denying Jury Trial at 3.

**9.** Nordica USA's counterclaim alleged:

> In accordance with paragraph 18(c) of the applicable dealer agreements, Plaintiff will be obligated to indemnify and reimburse Nordica for all of its costs and disbursements, including its reasonable attorney's fees, incurred by Nordica in defending this action....

Answer, Affirmative Defenses and Counterclaim of Nordica USA, Inc. at 7. Paragraph 18(c) of the Authorized Dealer Agreement provides in pertinent part:

> In the event Nordica is the successful party on any claim by it, counterclaim by it, or defense by it in any action or proceeding brought by or against it with respect to the Authorized Dealer, Authorized Dealer shall pay, and hereby agrees to pay, in addition to all other sums which may be due, Nordica's reasonable attorney's fees, costs and disbursements attributable to such claim, counterclaim or defense.

Transcript, Hearing on Preliminary Injunctive Relief, July 8–9, 1987, exhibit A (filed Oct. 21, 1988) (Nordica USA, Inc. Authorized Dealer Agreement ¶ 18(c) (effective for location in Nanuet, N.Y.)); *id.* exhibit B (Nordica USA, Inc. Authorized Dealer Agreement ¶ 18(c) (effective for location in Westwood, N.J.)).

**10.** *Compare* Memorandum in Opposition to Motion for Summary Judgment at 1–2 (filed Feb. 1, 1988), *and* Plaintiff's Statement Pursuant to Local Rule 5.C.I.(a) ¶¶ 2, 5 (filed Feb. 1, 1988), *and* Verified Complaint for Injunctive and Other Relief ¶¶ 9–11, 13–14, *Mt. Everest Ski Shops, Inc. v. Ski Barn, Inc.*, No. 87–259 (D.N.J. filed Mar. 9, 1987), *with* Memorandum and Interlocutory Order at 5–10 (filed Mar. 23, 1989), *and* Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment on Its [sic] Counterclaim of Defendant Nordica USA, Inc. and Cross-motion for Summary Judgment (filed Sept. 23, 1988), *and* Plaintiff's 5.C.I.(a) Statement in Opposition to the Motion for Summary Judgment on Its [sic] Counterclaim Filed by Defendant Nor[d]ica USA, Inc. (filed Sept. 23, 1988).

"[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b); *see, e.g., Federal Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1333–34 (10th Cir.1987). The "allowable scope of discretion ... has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief". *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2nd Cir.1967) (Friendly, J.) (italics in original), *explained in Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2nd Cir.1983).

The plaintiff has not presented any circumstances beyond inadvertence to justify its failure to request trial of the counterclaim by jury. On the present record, there is no showing sufficient to invoke the court's discretion to relieve the plaintiff from the limits of its demand. *Noonan v. Cunard S.S. Co.*, 375 F.2d at 70.

The case will be tried to the court as scheduled.

It is so ORDERED.