**Michael SAVIANO, Plaintiff–Appellant,**

v.

**LOCAL 32B–32J, Service Employees International Union, AFL–CIO, Total Building Maintenance, Inc./I.S.S., ISS International Service Systems, Inc., ISS International Service System–NY, Inc., and Service Employers Association, Defendants–Appellees.**

**Docket No. 03–7087.**

United States Court of Appeals, Second Circuit.

Sept. 19, 2003.

Michael Saviano, Gaithersburg, MD, pro se.

Judith I. Padow, Office of the General Counsel, Service Employee International Union, New York, NY, for Local 32B–32J, Service Employees International Union, AFL–CIO, Felice B. Ekelman, Jackson Lewis LLP, New York, NY, for Total Building Maintenance, Inc., ISS International Service System, Inc., and ISS International Service System–NY, Inc., for Defendants–Appellees.

PRESENT: LEVAL, JACOBS, and POOLER, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff Michael Saviano, *pro se,* appeals from a final judgment entered after a bench trial in the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge* ).

(1) Saviano argues on appeal that the district court erred in denying his pre-trial motion for summary judgment. This ruling, however, is not appealable. *See Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 130 (2d Cir.1999). "The district court's judgment on the verdict after a full trial on the merits ... supersedes the earlier summary judgment proceedings." *Id.* (quoting *Metropolitan Life Ins. Co. v. Golden Triangle,* 121 F.3d 351, 354 (8th Cir.1997)).

(2) Saviano next contends that the district court erred in not holding a pre-trial conference which might have led to resolution of the case. Pre-trial conferences are

directed to the district court's discretion, *see* Fed.R.Civ.P. 16(a), and Saviano attended no fewer than five conferences prior to trial.

(3) Saviano challenges the denial of his request for court-appointed counsel, a ruling we review for abuse of discretion. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994). We see no abuse of discretion, in light of Saviano's failure to describe any efforts he undertook to retain counsel, or to demonstrate that he could not present his case without the assistance of counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989) ("[T]he indigent [must] be unable to obtain counsel before appointment will even be considered." (second modification in original)) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986)).

(4) Saviano next argues that he was denied his right to a jury trial. He waived this right, however, by failing to assert it until five years after he had filed his complaint. *See* Fed.R.Civ.P. 38(b), (d). While Fed.R.Civ.P. 39(b) allows a court to order a jury trial despite an untimely demand if the plaintiff shows that the untimeliness was due to something beyond mere inadvertence, Saviano has made no such showing. *See Raymond v. IBM Corp.*, 148 F.3d 63, 65 (2d Cir.1998) (citing *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967)).

(5) Because Saviano's challenge to the district court's factual findings is raised for the first time in a reply brief, we need not consider it. *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir.2003). Were we to consider it, we would reject it. We uphold factual findings unless clearly erroneous, and the district court's findings here, based largely on its credibility assessments, are not clearly erroneous. *See Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316 (2d Cir.2003) ("In reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences.").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**