Sandra **SEABROOK** and Edward **Watkins,** Plaintiffs,

v.

**CITY OF NEW YORK,** Defendant.

No. 04–CV–2496 (ILG).

United States District Court, E.D. New York.

June 13, 2006.

Kenechukwu Chudi Okoli, New York, NY, for Plaintiffs.

### MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

GLASSER, Senior District Judge.

Plaintiff initiated this action on June 16, 2004. No action was taken in the case between June 16, 2004 and March 21, 2005. On March 21, 2005, Magistrate Judge Pollak no-

tified the parties that unless proceedings were commenced by any party within thirty days, a Report and Recommendation would issue to dismiss the proceedings pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Receiving no response to that notice within thirty days, Judge Pollak issued a report on April 25, 2005 recommending that the case be dismissed. The report read in full:

> By Order dated March 21, 2005, this Court noted that no action had been taken by any party in this case since June 16, 2004. The Order explicitly stated that "[a] Report and Recommendation will issue, recommending that the case be dismissed for lack of prosecution, if within thirty (30) days of the date of this Notice no further proceeding have been commenced by any party or if no explanation for the lack of proceedings has been filed and approved by the Court."

> Since the Court has received no response to its Order and nothing has transpired in this Case, this Court respectfully recommends that the case be dismissed for failure to prosecute.

> Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

On April 27, 2005,[1] Plaintiffs filed an objection to Judge Pollak's Report and Recommendations, proferring that the cause of the failure to prosecute was counsel's neglect, not that of his clients. Specifically, he acknowledged that he had failed to ensure that process was properly served, that he "did not pay any specific attention to this case" between June 2004 and March 2005, and that, when ordered by the Court to proceed or show cause for the delay by April 21, 2005, inexplicably "noted that the motion must be made by the end of April 2005, instead of noting that same must be made by April 21,

---

1. Plaintiffs filed an objection on April 27, 2005 and amended it on April 28, 2005.

2005." (Pl.Objections, 3). Counsel suggested that "[t]he plaintiffs are still very desirous of pursuing their claims against the defendants, and have not abandoned same," (*Id.* at 4), and requested that the Court exercise its discretion to either dismiss without prejudice under Rule 41(b) or grant an extension to allow late service of the Summons and Complaint.

Plaintiff's counsel does not object, in the traditional sense, to Judge Pollak's Report and Recommendations. He does not dispute any of the Judge's findings or conclusions; indeed, he concedes that "it is difficult to fault the [Report and Recommendations] of Honorable Cheryl L. Pollak in this matter." (Pl.Objections, 3). Rather, the heart of the objection is simply that the Plaintiffs should not be disadvantaged as a result of their counsel's conduct.

The contention that plaintiffs should not be held accountable for the acts and omissions of their attorneys has been soundly rejected by the Supreme Court. In the seminal case recognizing the inherent authority of courts to order the involuntary dismissal of cases for neglectful prosecution, *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Court held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. The Court found that there was "certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Id.* at 633, 82 S.Ct. 1386. Rather, the Court wrote:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of

all facts, notice of which can be charged upon the attorney.'

*Id.* at 633–634, 82 S.Ct. 1386 (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)). *See also United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) (holding that a client could be penalized for counsel's tardy filing of a tax return).

Nonetheless, this Court is cognizant that involuntary dismissal is a "harsh remedy to be utilized only in extreme cases." *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 856 (2d Cir.1972). Whether or not any particular case is "extreme" is a matter committed to the discretion of the district court, determinable only "in light of the record as a whole." *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983). Such factors which should be considered in exercising the Court's discretion include "(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir.1986) (citing *Harding*, 707 F.2d at 50). In the final analysis, "[t]he primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (internal citations omitted).

The five factors identified in *Harding* and *Romandette* point towards the adoption of Judge Pollak's recommendation of a 41(b) dismissal. In this case, Plaintiff's nine month failure to serve the Complaint, absent any good cause, certainly warrants a dismissal under Fed.R.Civ.P. 4(m).[2] Moreover, the fact that Plaintiff had plenty of notice that

---

2. That rule provides that if service of the summons and complaint is not made upon the defendant within 120 days of filing the complaint, the court, upon motion or its own initiative after notice to the plaintiff, "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m).

the court intended to recommend an involuntary dismissal, and in any event demonstrated a lack of attention to the Court's Order, supports a dismissal with prejudice. In considering the likely prejudice of further delay to the Defendant, it should be noted that the three-year statute of limitations on Plaintiffs' claims would have expired in June 2005, a mere two months after Judge Pollak issued her Report and Recommendations. Given Plaintiffs' counsel's admission that he had paid no attention to the case for the nine months after filing and prior to the Court's March 21, 2005 Order, there is no reason to think that Plaintiffs, in the absence of the Magistrate's routine prompt, would have served the Complaint on Defendant before the statute of limitations expired in June 2005. As to the fourth factor, "carefully balanc[ing] the need to alleviate court congestion and a party's right to due process," the disregard for proper service and diligent prosecution of this claim leaves hollow-sounding any appeal by Plaintiff to notions of due process.[3] Finally, as to whether the Court has assessed the efficacy of lesser sanctions, the failure of the Plaintiff in this case to respond to Judge Pollak's order provides some insight as to the whether lesser sanctions would have been, or would continue to be, effective in the case.

This last factor goes to the essential question at issue; namely, whether the Court should exercise discretion leniently in favor of the Plaintiff because to adopt the uncontroverted Report and Recommendation would result in a dismissal on the merits; or whether Judge Pollak's recommendation of dismissal should be implemented in the absence of any good cause shown for Plaintiffs' neglect.

The competing considerations are illustrated by a comparison of two cases in this Circuit related to the proper service of jury demands. Perhaps the leading case in this Circuit on whether inadvertence of counsel justifies lenity in the exercise of discretion is *Noonan v. Cunard Steamship Co. Ltd.*, 375 F.2d 69 (2d Cir.1967) (Friendly, J.). That case was an appeal from a district court's dismissal without prejudice simply to allow the plaintiff to overcome counsel's inadvertent failure to make a timely demand for a jury trial without other excuse. Three rules of the Federal Rules of Civil Procedure were implicated in that case: Rule 38(b) provides, in essence, that a party may demand a jury trial by serving upon the other parties a written demand therefore not later than 10 days after the service of the last pleading directed to such issue; and Rule 38(d) provides that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." By contrast, Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury ... the court in its discretion upon motion may order a trial by a jury of any or all issues." The statute of limitations not having run against the plaintiff's claim, and in order that he might commence it anew and make a timely demand for a jury trial, the plaintiff moved for a jury trial under Rule 39, or alternately to dismiss his action without prejudice under Rule 41(a)(2) so as to have the opportunity to serve a jury demand. Rule 41(a)(2) authorizes the court, in its discretion, to dismiss an action upon the plaintiff's instance only "upon such terms and conditions as the court deems proper."

The plaintiff in *Noonan* initially moved the District Court to avail itself of Rule 39(b) and exercise its discretion to order a jury trial. The Court of Appeals observed that there was no

> seriou[s] dispute that if the judge had granted the motion under Rule 39(b), we would have been obliged to reverse. This would not truly have been for an 'abuse' or, in Judge Duniway's phrase, a 'misuse' of discretion, see *Pearson v. Dennison*, 353 F.2d 24, 28 n. 6 (9 Cir.1965); it would have been because the settled course of decision had placed a gloss upon the Rule which a

---

3. "Balancing" due process rights against the need to clear court congestion requires more than great care; it requires some imagination. To analogize to comparing apples and oranges would be improper, as apples and oranges are at least roughly the same size, shape, and weight. No court, no matter how heavy its caseload, would be justified in finding that its need to avoid congestion warranted any action that would violate a party's right to due process.

judge could no more disregard than if the words had appeared in the Rule itself. *Noonan*, 375 F.2d at 70. Thus, it would seem indisputable that mere inadvertence of counsel in failing to serve a jury demand cannot justify a favorable act of discretion to grant a jury trial under Rule 39(b).

However, what came before the Court of Appeals, and was reversed, was the District Court's grant of plaintiff's motion to dismiss without prejudice under Rule 41(a)(2). Portions of Judge Friendly's opinion are particularly relevant here:

> Defendant has cited eighteen reported decisions by district courts within this Circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b) and plaintiff apparently has found none to the contrary here or elsewhere. The effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief.
>
> * * *
>
> [D]ecisions denying leave to discontinue without prejudice for the sole purpose of overcoming inadvertent failure to make a timely jury demand accord better than the opposite view with the policies of Rule 38(a) insisting on promptness and of Rule 41(a)(2) limiting the former freedom of dismissal of plaintiffs in actions of law. Moreover, to allow leave to discontinue without prejudice solely for this purpose would work a discrimination, for which we see no sufficient justification, in favor of plaintiffs whose attorneys had been guilty of inadvertent neglect ...

375 F.2d at 70, 71–72. Thus, the voluntary dismissal without prejudice under Rule 41 to effectively allow the plaintiff another opportunity to properly serve a jury demand was an abuse of discretion.

In the same context, however, the Court of Appeals has authorized relief under Rule 6, which provides in relevant part, that "[w]hen by these rules ... or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." In *Raymond v. International Business Machines Corp.*, 148 F.3d 63 (2d Cir. 1998) (per curiam), shortly before a scheduled jury trial, IBM moved to have the case tried to the bench on the grounds that it had recently discovered that the plaintiff had failed to serve a jury demand and had waived a jury trial. Plaintiff conceded that he failed to serve a jury demand upon Defendant IBM within ten days as required by Rule 38(b), but characterized the mistake as a "clerical error" and moved for an enlargement of time pursuant to Fed.R.Civ.P.39(b) and 6(b)(2). The motion was granted by the District Court under Rule 6, and the case was tried to a verdict for the plaintiff. Relying upon *Noonan*, IBM appealed the enlargement of time on the basis that plaintiff failed to show any basis for an enlargement of time beyond mere inadvertence.

The Court of Appeals acknowledged "force to the argument by analogy that if *Noonan* precludes use of a motion to dismiss under Rule 41(a)(2) in order to circumvent the court's narrow discretion under Rule 39(b), then Rule 6(b)(2) must likewise be foreclosed from use for that very same purpose." *Raymond*, 148 F.3d at 66. However, the Court purported to distinguish its instant case, without abrogating *Noonan*, on the basis that the plaintiff in *Raymond* moved to extend the time under Rule 6 as well as Rule 39. Relying upon intervening authority from the Supreme Court, *see Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (observing that the time extension provisions of Rule 6(b) are "generally applicable to any time requirement found elsewhere in the rules unless expressly excepted"), the Court of Appeals upheld the District Court's discretionary enlargement of time to file the jury demand and held that "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying re-

lief under Rule 6(b)(2)." *Raymond*, 148 F.3d at 66 (emphasis in original). To give some form to this pronouncement, the *Pioneer* and *Raymond* Courts invoked traditional "equitable principles."[4]

Whether considered under Rule 6, Rule 39, or Rule 41, it is inescapable that the questions presented to the District Courts in *Noonan* and *Raymond* were precisely the same: Whether mere inadvertence of counsel in failing to timely serve a jury demand justifies a discretionary act that would allow the plaintiff another opportunity to serve the jury demand.[5] In both cases, the district court believed that it did justify such a discretionary act; but in *Noonan* the Circuit reversed and in *Raymond* the Circuit affirmed. It is difficult to square these cases with each other and with "abuse of discretion" analysis about which much has been written. *See, e.g.,* Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 *Syracuse L.Rev.* 635 (1971); Friendly, Indiscretion About Discretion, 31 *Emory L.J.* 747 (1982).

In the final analysis, there is a strong policy need for courts to enforce sanctions against parties who, having had proper notice and opportunity to comply with the rules and with the court's orders, nonetheless fail to do so. To countenance the excuse of "inadvertence without more" as sufficient justification for leniency is to undermine the effectiveness of those sanctions, as inadvertence is readily assertable by any non-compliant party. Perhaps the most frequently cited case in this regard is *National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *reh'g denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976), which arose out of the dismissal under Fed.R.Civ.P. 37 of

respondents' antitrust action against petitioners for failure to timely answer written interrogatories as ordered by the District Court. The Court of Appeals reversed the dismissal, finding that the District Court abused its discretion. The question presented to the Supreme Court was whether the Court of Appeals was correct. Rule 37 as it then was and still provides, in relevant part, reads:

> If a party . . . fails to obey an order . . . or permit discovery . . . the court in which the action is pending *may* make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the defendant. (emphasis added).

Similar to Rule 41(b), the sanctions made available to the Court by Rule 37 are patently discretionary.

In reversing the Court of Appeals, the Supreme Court wrote:

> There is a natural tendency on the part of the reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.

---

**4.** "[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond,* 148 F.3d at 66 (citing *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489.).

**5.** This makes perplexing the Court of Appeals's declaration in *Raymond* that "insofar as plaintiff offers no explanation beyond mere inadvertence

for his failure to timely serve the jury demand, the district court erred under *Noonan* in granting plaintiff's Rule 39(b) motion. However, we do not believe that the district court abused its discretion in granting leave to serve the jury demand out of time pursuant to Rule 6(b)(2)." Where the district court is presented with a request to extend the time to allow service of the jury demand, the proper ruling surely cannot turn upon which rule the plaintiff invokes, as no plaintiff would invoke the more onerous requirements of Rule 39.

But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

427 U.S. at 642–43, 96 S.Ct. 2778.

Practically speaking, this Court often functions much as a reviewing court in adopting or modifying the report and recommendations of a magistrate.[6] It is tempting, then, in light of counsel's admissions of inadvertence and negligence through no fault of his clients, to recognize that the imposition of the Magistrate's recommendation will have a harsh effect on Plaintiffs and to leniently grant either additional time to serve the Complaint or a dismissal without prejudice. However, in the absence of any reason other than neglect for the nine month failure to serve process and the inattention to the Magistrate's Order, this Court deems it in better accord with the considerations of Rules 4, 6, and 41(b) to deny such leniency. To do otherwise, returning to the words of Judge Friendly, "would work a discrimination, for which we see no sufficient justification, in favor of plaintiffs whose attorneys had been guilty of inadvertent neglect." *Noonan*, 375 F.2d at 72.

### CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation of Judge Pollak, and DISMISSES this action with prejudice pursuant to Rule 41(b).

SO ORDERED.

---

6. Of course, a district judge may not delegate his responsibility to hear and determine dispositive motions, including motions for an involuntary dismissal. 28 U.S.C. § 636(b)(1)(A). But in cases such as this, where the recommendation for an involuntary dismissal arises not by motion of one of the parties, but sua sponte from the Magistrate, this Court can not ignore that the recommendation of involuntary dismissal serves not only to protect the Defendant from neglectful prosecution, but as a penalty for failing to respond to the Court's Order.