**Joanna RUSS, an individual, Plaintiff–Appellee,**

v.

**STANDARD INSURANCE COMPANY, an Oregon Corporation, Defendant–Appellant.**

**No. 96–15952.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1997.

Decided July 23, 1997.

Michael A. Conley, Shawn E. Hanson, Pillsbury Madison & Sutro LLP, San Francisco, CA, Christopher P. Staring, Fennemore Craig, Tucson, AZ, for defendant-appellant.

Barry Kirschner, Raven, Kirschner & Norell, Tucson, AZ, for plaintiff-appellee.

Before: GOODWIN, D.W. NELSON, & TROTT, Circuit Judges.

GOODWIN, Circuit Judge:

Standard Insurance Company ("Standard") appeals the district court's dismissal without prejudice of Joanna Russ's action for wrongful termination of disability benefits. Standard argues that the district court, prohibited from exercising its power under Federal Rule of Civil Procedure 39(b) to excuse Russ's failure to make a timely demand for a jury trial, cannot dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2) so that Russ can refile her action and gain another ten days in which to make a timely demand for a jury. We agree and therefore reverse the district court's order.

## I. Facts

Russ filed suit in Arizona Superior Court on August 28, 1995. She did not make a jury demand. Standard removed the case to federal court on September 25, 1995, and then filed its answer on October 2, 1995. Russ made her demand for a jury trial on November 9, 1995.

On November 13, 1995, Standard moved to strike plaintiff's jury demand on the ground that it was untimely. Russ filed a cross-motion for a jury trial under Rule 39(b). On February 2, 1996, the district court, relying on *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir.1994), *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir.1983), and *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984), granted Standard's motion and denied plaintiff's cross-motion.

On February 14, 1996, Russ filed a motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The district court granted this motion on April 11, 1996. The order states that Russ's motion to dismiss without prejudice under Rule 41(a)(2) is granted "so that plaintiff, who failed to make a timely demand for jury trial, may refile the same claims in the United States District Court for the District of Arizona, and make a timely demand for jury trial." Standard filed its notice of appeal on May 2, 1996.

## II. The Scope of Rule 41(a)(2)

The district court could not order a trial by jury under Rule 39(b) because Russ's attorney admitted that the reason for the untimely jury demand was inadvertence. *See Lewis*, 710 F.2d at 556–57; *see also Craig*, 19 F.3d at 477. In order to achieve a result prohibited under Rule 39(b), the district court dismissed plaintiff's case pursuant to Rule 41(a)(2) so that Russ could refile her claims and then make a timely jury demand.

The question whether a district court may employ the broad discretion granted in Rule 41 to accomplish indirectly what we have held cannot be accomplished directly under Rule 39(b) has not been presented in this circuit.

Two other circuits have addressed this issue and have reached conflicting results. In the Second Circuit, as in our circuit, the district court is not permitted under Rule 39(b) to excuse an inadvertent failure to request a jury trial. *See Noonan v. Cunard*

**990**

*S.S. Co.*, 375 F.2d 69, 72 (2d Cir.1967).[1] Further, the Second Circuit has held that a district court may not circumvent the explicit limitation on its power under Rule 39(b) by dismissing a case pursuant to Rule 41(a)(2). *See id.* The Eighth Circuit, which, unlike our circuit, does not read Rule 39(b) to prohibit district courts from excusing an inadvertent failure to request a jury trial, has held that the discretion granted in Rule 41 is broad enough to permit the district court to allow voluntary dismissal and refiling in order to preserve a plaintiff's right to a jury. *See Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir.1979).

■ We believe the Second Circuit in *Noonan* correctly analyzed the issue. First, allowing the district court to accomplish under Rule 41(a)(2) what we specifically prohibit it from doing under Rule 39(b) introduces an unnecessary conflict between these two federal rules. Second, ordinarily we follow the more specific rule over one more general, *see Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989), and our specific prohibition on district courts granting jury trials where the parties have failed to comply with Rule 38 must trump the more general discretionary powers of district courts to permit plaintiffs to dismiss under Rule 41(a)(2).

Third, "to allow leave to discontinue . . . solely [to cure an untimely demand for a jury trial] would work a discrimination . . . in favor of plaintiffs whose attorneys had been guilty of inadvertent neglect in demanding a jury trial as against defendants similarly situated." *Noonan*, 375 F.2d at 71–72. Only plaintiffs can request dismissals without prejudice under Rule 41(a)(2) and thus only plaintiffs could take advantage of this additional avenue to excuse neglect. Neither Russ nor the district court provides any reason so to advantage plaintiffs, and we find none.

*Hoffmann*, as noted, arose in a circuit which does not prohibit district court judges from granting jury trials under Rule 39(b) where the failure to demand resulted from mere inadvertence. Therefore, *Hoffmann* is not persuasive in this Circuit where we have such a prohibition. The Eighth Circuit's rule, while commendable in preserving jury trials for the clients of careless lawyers, would, if adopted in this circuit, eliminate what has been a bright line rule and encourage venue shopping among the districts.

Another instructive case is *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir.1977) (en banc). The court in *Walton* held that consolidating two substantially identical complaints causes no harm *"provided* that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed [-][i]n particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to . . . demand for trial by jury." *Walton*, 563 F.2d at 71. The Tenth Circuit also prohibits the use of voluntary dismissal as an indirect way to avoid the explicit requirements of other rules of civil procedure. *See Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir.1992) ("A plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice.").

■ We agree with the Second, Third, and Tenth circuits, and conclude that the general discretion granted the courts under Rule 41 does not extend to the frustration of the specific purpose of Rules 38 and 39 to encourage prompt notice of a jury demand.

REVERSED.

---

1. The Second Circuit has exceptions to the rule that district courts are prohibited from excusing an inadvertent failure to request a jury trial under Rule 39(b). These exceptions are not relevant to our inquiry because we he have already rejected them. *See Lewis*, 710 F.2d at 557.