**PACIFIC FISHERIES CORPORA-
TION, a California corporation,
Plaintiff–Appellant,**

v.

**HIH CASUALTY & GENERAL INSUR-
ANCE, LTD.; HIH Marine Insurance
Services, Inc.; Harlock Williams Lem-
on, Ltd., a corporation, Defendants–
Appellees.**

No. 99–16209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2000

Filed Feb. 9, 2001

Dorothy F. Henson, Henson & Henson, San Francisco, California, for the plaintiff-appellant.

Robert N. Windes, Le Gros, Buchanan & Paul, Seattle, Washington, for the defendants-appellees.

Before: WALLACE, FISHER, and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge:

The Pacific Fisheries Corp. ("Fisheries") appeals the district court's judgment following bench trial and denial of Fisheries' motion for a new trial in its diversity action against HIH Casualty & General Insurance and HIH Marine Insurance Companies ("The Insurers"). Fisheries alleges that the court erred in denying its untimely demand for a jury trial. Fisheries also contends that because the breach of the trading warranty contained in the marine insurance policies did not itself cause the loss, its losses should have been covered.

Because the district court properly denied the untimely jury demand and correctly found that the insurance policies were voided by breach of the trading warranty, we affirm.

### BACKGROUND

The Appellant, Fisheries, operates a fishing vessel called the Icy Point. The Icy Point embarked on a fishing excursion in the Pacific Ocean from San Francisco on February 17, 1997. On March 11, 1997, Fisheries purchased insurance coverage from The Insurers under two policies: a Protection and Indemnity Policy ("P & I") and a Hull and Machinery Policy ("Hull"). Each of these policies contained an identical trading warranty which provided that Fisheries' insured vessel was confined to the Pacific Ocean and was not to travel beyond certain points of that ocean.[1]

On March 31, 1997, the Icy Point began traveling to Guam in the normal course of business. The travel to Guam constituted a breach of the trading warranty. While in Guam, an employee of the ship filed a lawsuit against Fisheries on the ground that the malfunction of the boat's freshwater system caused him to suffer dehydration. When Fisheries informed The Insurers of these events, The Insurers advised Fisheries that they needed to determine the reason for the ship's breach of the trading warranty before agreeing to defend against the employee's claim. Further, The Insurers told Fisheries that they would not extend the trading warranty in general, even if they ultimately extended the warranty for the limited purpose of defending against the employee's claim.

The vessel departed Guam on May 10, 1997 and proceeded north, remaining outside the trading warranty area. Approximately one week later, the Icy Point experienced an engine breakdown. When Fisheries informed The Insurers of the breakdown, The Insurers refused coverage on the ground that the vessel once again was in breach of the trading warranty.

---

1. The vessel was "confined to the waters and tributaries of the Pacific Ocean not west of 165 degree E. longitude, not south of 30 degrees S. latitude, and not north of 55 degrees N. latitude." This area does not include Guam.

Fisheries filed suit for breach of insurance contract in California Superior Court on October 22, 1997. The Insurers removed the action to the district court for the Northern District of California, based on diversity, on November 14, 1997. After Fisheries' Motion to Remand was denied, The Insurers answered Fisheries' complaint on July 31, 1998. Fisheries filed a demand for a jury trial on August 28, 1998. Pursuant to Federal Rule of Civil Procedure 38(b), Fisheries' demand was due on August 10, 1998.[2] The district court denied the demand as untimely.

Following a bench trial, the district court ruled in favor of The Insurers and entered judgment on April 1, 1999. The court found that the trading warranty provision was material to the insurance policy and that Fisheries had deliberately breached the warranty in complete disregard of the terms of the insurance contract.

Fisheries filed a motion for a new trial on April 12, 1999, which was denied on May 14, 1999. Fisheries filed its timely notice of appeal on June 11, 1999. We have jurisdiction pursuant to 28 U.S.C. § 1291.

### Jury Demand

■ We review the district court's denial of Fisheries' untimely demand for a jury trial for an abuse of discretion. *See Ticor Title Ins. Co. v. Florida,* 937 F.2d 447, 451–52 (9th Cir.1991).

■ Fisheries contends that the district court erred in denying its demand for a jury trial pursuant to Federal Rule of Civil Procedure 39(b).[3] We have held,

> The district court, in its discretion, may order a jury trial on a motion by a party

who has not filed a timely demand for one. F.R.Civ.P. 39(b). That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.

*Lewis v. Time Inc.,* 710 F.2d 549, 556–57 (9th Cir.1983); *see also Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987–88 (9th Cir.1980).

■ An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel,* 538 F.2d 848, 849 (9th Cir.1976); *see also Russ v. Standard Ins. Co.,* 120 F.3d 988, 989–90 (9th Cir.1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 71 (9th Cir.1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.,* 718 F.2d 906, 910 (9th Cir.1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown).

■ Fisheries attempts to distinguish between inadvertence and what it characterizes as a good faith mistake of law. Apparently, counsel misinterpreted Federal Rule 81(c), Northern District of California's local rules and state civil procedure rules and erroneously calculated the period of time available to make the demand. Counsel's reasons for his errors are of no consequence because they are still due to inadvertence or oversight. Therefore,

---

**2.** Rule 38(b) provides in relevant part, "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand ... not later than 10 days after the service of the last pleading directed to such issue...." Because the answer filed by The Insurers on July 31, 1998 was the "last pleading directed to such issue," Fisheries' jury demand was due within 10 days of July 31, or August 10.

**3.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues. Fed.R.Civ.P. 39(b).

pursuant to the precedent of this circuit, the jury demand was untimely.

In *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir.1982), the plaintiff also attempted to excuse a late demand for a jury trial because her attorney mistakenly believed that no demand was necessary under Federal Rule 81(c). We held, "these facts ... show nothing more than inadvertence and neglect. The district court thus did not abuse its discretion in refusing to order a jury trial." *Id.* As in *Beckham*, the district court in the present case did not abuse its discretion in denying the demand because counsel inadvertently missed the deadline. A good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand.[4]

### Breach of Trading Warranty

■ The district court's interpretations of state law are reviewed *de novo*. *See Wetzel v. Lou Ehlers Cadillac Group*, 222 F.3d 643, 646 (9th Cir.2000).[5]

■ Fisheries also argues that the district court erred in holding that the insurance policies were void due to Fisheries' breach of the trading warranty.[6] Fisheries contends that because the breach of the trading warranty itself did not cause the loss claimed, the policies are still effective. However, under California law, "breach of even an immaterial warranty will void a policy 'where the policy expressly declares that it shall avoid it.'" *Certain Underwriters at Lloyd's v. Montford*, 52 F.3d 219, 223 (9th Cir.1995) (citations omitted). Causation between the breach of warranty and any loss claimed is not required. In the present case, Fisheries received notice that any breach of the trading warranty would render coverage under the policy void. Accordingly, the district court did not err in finding the policies void.

### Motion for New Trial

■ We review the district court's denial of Fisheries' motion for a new trial for an abuse of discretion. *See DeSaracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.2000).

■ The district court did not abuse its discretion in denying Fisheries' motion for a new trial. The court ruled that Fisheries had presented no case law to support its contention that The Insurers were required to show that the breach of the trading warranty caused the alleged loss and, in any event, the terms of the warranty were material to The Insurers' agreement to provide insurance. Also, the court reiterated that Fisheries had disregarded the insurance contract and deliberately breached the trading warranty.

### CONCLUSION

The district court did not abuse its discretion by concluding that Fisheries had waived its right to a jury trial by failing to file a timely jury demand. The court's discretion was narrow because Fisheries' untimely demand was due to a mistake of law, which is no different than inadvertence or oversight. Additionally, the court did not err in concluding that the policies were void due to Fisheries' breach of the trading warranty, regardless of the relationship between the breach and the loss. Under California marine insurance law, causation is not required and The Insurers are not liable for the loss. No abuse of

---

**4.** Fisheries also attempted to distinguish this case on the basis that the district court judge stated he had no discretion to grant a jury trial. Rather, the judge recognized his limited discretion under the law of this circuit.

**5.** Because this was a diversity action, it was governed by the law of the forum state. *See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co. Ltd.*, 132 F.3d 526, 528 (9th Cir.1997) (court sitting in diversity applies the law of the forum state).

**6.** During oral arguments, counsel for Fisheries informed us that it was waiving its waiver and estoppel argument. Accordingly, this issue is not addressed.

**1004**

discretion occurred in the denial of Fisheries' motion for a new trial.

AFFIRMED.