**Clayton M. KOERNER, Plaintiff—Appellant,**

**and**

**Ed CROSBY; et al., Plaintiffs,**

v.

**AETNA U.S. HEALTHCARE, INC., Defendant—Appellee.**

No. 02–15375.

D.C. No. CV–00–06251–REC(DLB).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Dec. 18, 2003.

---

Jack E. Reagle, Francis A. O'Brien, O'Brien, Reagle & Associates, Bakesfield, CA, for Plaintiff–Appellant.

Allen L. Michel, Ronald K. Alberts, Esq., Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Defendant–Appellee.

Before FARRIS, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

MEMORANDUM **

Clayton Koerner, a California insurance broker, appeals from district court orders denying his motions to remand and to voluntarily dismiss, and granting summary judgment in favor of defendant Aetna U.S. Healthcare, in Koerner's diversity action alleging that Aetna violated California law by directly soliciting and contracting with Koerner's customers. Since removal was proper based on diversity jurisdiction, and Koerner failed to present evidence to establish damages, the trial court did not abuse its discretion in denying Koerner's motion for voluntary dismissal. We affirm.

We review de novo a district court's ruling denying a motion to remand. *United Computer Sys., Inc. v. AT & T*

---

* Hon. Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Corp.*, 298 F.3d 756, 760 (9th Cir.2002). Koerner asserts the district court should have remanded the action because Aetna failed to timely file a copy of the notice of removal with the state court clerk as 28 U.S.C. § 1446(d) required. This contention is unavailing. Procedural requirements for removal, such as the timely filing of the notice of removal, are "formal and modal," not jurisdictional. *See Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1212 (9th Cir.1980). The district court correctly ruled that Aetna promptly filed a notice of removal with the state court by immediately correcting its inadvertent failure to do so when it realized its oversight. Removal to district court was procedurally sufficient.

 Koerner also contends the district court should have remanded to state court because Aetna was not a diverse party and jurisdiction was therefore lacking. 28 U.S.C. § 1332(a); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). But in his complaint, Koerner, a California citizen, names Aetna, a Pennsylvania corporation, as defendant. Although Koerner argues that Aetna U.S. Healthcare of California, a California subsidiary of Aetna, destroyed diversity, he does not appeal the district court's ruling denying his motion to amend the complaint to name AUSHC as defendant. The pleadings reveal complete diversity between the parties. The district court had jurisdiction.

 Koerner also argues that the district court abused its discretion in denying his motion to dismiss his complaint without prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (denial of motion for voluntary dismissal reviewed for abuse of discretion). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001). But a voluntary dismissal may not be used to revive a jury trial right that was forfeited by the failure to make a timely jury demand. *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir.1997). The district court found that the purpose of Koerner's motion to dismiss was to negate a magistrate's prior order denying his untimely demand for a jury trial by refiling his claim in state court. The court did not abuse its discretion in denying Koerner's motion.

 Koerner finally contends that the district court erred in granting summary judgment in favor of Aetna on his fraud and breach of the covenant of good faith and fair dealing claims, based on Aetna's alleged solicitation of the Heritage Provider Network. These claims, however, hinge upon whether Koerner was broker of record, or whether he had the opportunity to remain as broker of record, at the time of Aetna's alleged actions. The Heritage Group had either terminated Koerner as broker of record or decided not to retain him before the alleged misrepresentations were made. Koerner can prove neither reliance nor damages. *See Engalla v. Permanente Med. Group*, 15 Cal.4th 951, 64 Cal.Rptr.2d 843, 938 P.2d 903, 917 (Cal. 1997) (fraud claim requires proof of damages arising out of misrepresentation); *see also Cates Constr. Inc. v. Talbot Partners*, 21 Cal.4th 28, 86 Cal.Rptr.2d 855, 980 P.2d 407, 415–16 (Cal.1999) (compensation for breach of implied covenant of good faith is limited to contract remedies). The district court did not err in dismissing the claims on summary judgment.

AFFIRMED.